GREGORY H. WOODS, United States District Judge:
Petitioner Antonio Ramos Perez brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently detained at the Hudson County Jail in Kearny, New Jersey, which is located in the judicial district of the United States District Court for the District of New Jersey. See 28 U.S.C. § 110.
*187 Petitioner has named as respondents the Field Office Director of the New York Field Office of Immigration and Customs Enforcement ("ICE"), the Director of the Executive Office for Immigration Review, the Secretary of the U.S. Department of Homeland Security, and the acting United States Attorney General. The petitioner is detained in New Jersey and filed this petition while in detention in New Jersey. He nevertheless alleges that this Court has jurisdiction over the petition because "a substantial part of the events or omissions giving rise to Petitioner's habeas claims have occurred within this district." Dkt. No. 1 at 7. These events, Petitioner claims, include, his transfer from custody under the Office of Refugee Resettlement (the "ORR") in Lincolndale, New York to ICE custody, his questioning by ICE officers in Manhattan, Respondents' decision, allegedly made in New York, to detain him at the Hudson County Jail, and Petitioner's pending removal proceedings, which will occur in an immigration court located within this District. Id. at 7-8, 10.
"In accord with the ... immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla , 542 U.S. 426, 435, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). The "plain language" of 28 U.S.C. § 2241, the habeas statute under which petitioner is suing, "confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443, 124 S.Ct. 2711.
The present petition falls under this category of "core" habeas petitions because "it is at bottom a simple challenge to physical custody imposed by the Executive." Id. at 441, 124 S.Ct. 2711. Petitioner argues that he must be released from custody because his detention "violates the William Wilberforce Trafficking Victims Protection Reauthorization Act, the Immigration and Nationality Act, and the Due Process Clause of the Fifth Amendment to the United States Constitution." Dkt. No. 1 at 3. The specific relief Petitioner seeks is "a Writ of Habeas Corpus ordering [that] he be given an immediate custody hearing before an impartial adjudicator in which he must be released, unless DHS proves by clear and convincing evidence that he presents a flight risk or a danger to the community." Id. Accordingly, Petitioner's habeas petition challenges his present physical confinement and thus, jurisdiction lies only in the district where he is physically confined. See Bacuku v. Shanahan , No. 16-cv-305 (LGS), 2016 WL 1162330, at *1 (S.D.N.Y. Mar. 1, 2016) (transferring habeas petition challenging current detention by ICE to the District of New Jersey, sua sponte , because "with the exception of his appearances in the New York Immigration Court," petitioner "is normally detained in New Jersey at the Hudson County Correctional Facility," making the District of New Jersey his "district of confinement"); Phrance v. Johnson , No. 14-cv-3569 (TPG), 2014 WL 6807590, at *2 (S.D.N.Y. Dec. 3, 2014) (applying the "immediate custodian rule" to habeas petition challenging confinement and granting motion to transfer case to District of New Jersey).
The Court recognizes that judges in this District have found that a court can exercise jurisdiction over a habeas claim based on a petitioner's transitory presence in the district at the time that the petition was filed. See, e.g., *188 Richardson v. Shanahan , No. 15 CIV. 4405 (AJP), 2015 WL 5813330, at *3 (S.D.N.Y. Oct. 6, 2015) ; Young v. Aviles , 99 F.Supp.3d 443, 446, n. 2 (S.D.N.Y. 2015) ("[J]urisdiction and venue are proper, as Young was present in this District at the time that the petition was actually filed."); Richardson v. Shanahan , No. 15 CIV. 4405 AJP, 2015 WL 5813330, at *3 (S.D.N.Y. Oct. 6, 2015) ; Khemlal v. Shanahan , No. 14 CIV. 5186 AJP, 2014 WL 5020596, at *2 (S.D.N.Y. Oct. 8, 2014) ; Mendoza v. Muller , No. 11 Civ. 7857 (RJS), 2012 WL 252188, at *2 (S.D.N.Y. Jan. 25, 2012) ("Although Petitioner is being held in New Jersey, jurisdiction is proper in this Court because he filed the petition while detained in New York in connection with his immigration proceedings.").
Here, however, even that thin reed to establish jurisdiction is lacking. Petitioner was not present in this District at the time that the petition was filed. As relevant to the Court's jurisdiction over his habeas petition, Petitioner alleges that he was present in this District for one day three months ago, when ICE arrested him at the ORR facility and questioned him on November 14, 2018. Dkt. No. 1 at ¶ 38. Petitioner contends that ICE transported him to the Hudson County Correctional Facility after ICE agents finished questioning him and, further, that he has remained there since November 14, 2018. Id. ¶ 39. Accordingly, unlike the above-mentioned cases, Petitioner was not present in this District when his petition was filed. The Court is unaware of any precedent that supports habeas jurisdiction in a physical location that a petitioner traveled through for a day, months before the petition was filed.
Petitioner also contends that "the Hudson County Correctional Facility is a local county jail ... for adult criminal inmates, which contracts with ICE." Id. ¶ 40. These contracts in and of themselves do not render ICE officials based in this District appropriate respondents in a habeas petition. See Golding v. Sessions , No. 18-cv-3036 (RJS), 2018 WL 6444400, at *3 (S.D.N.Y. Dec. 6, 2018).
Given this legal framework, the Court cannot conclude that it has jurisdiction to entertain this petition. Accordingly, Petitioner is ORDERED TO SHOW CAUSE no later than February 19, 2019 why this action should not be transferred to the District of New Jersey.
The Clerk of Court is directed to serve copies of this order and the Petition for Writ of Habeas Corpus (Dkt. No. 1) by certified mail upon the United States Attorney for the Southern District of New York.
SO ORDERED.